O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA D. G.,

        Plaintiff,

   v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

Case No. 5:25-cv-01189-KES

MEMORANDUM OPINION
AND ORDER

**I.**

**INTRODUCTION**

On May 15, 2025, Plaintiff Maria D. G. ("Plaintiff") filed a Complaint for review of the denial of her widow's Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  (Dkt. 1.)  On August 13, 2025, Plaintiff filed a Plaintiff's Brief in accordance with Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).  ("PB" at Dkt. 12.)  After a stay caused by the lapse of appropriations to fund the federal government (Dkt. 16, 18), on December 3, 2025, Defendant Frank Bisignano, Commissioner of Social Security ("Commissioner"), filed a responding Commissioner's Brief under Rule 7.  ("CB" at Dkt. 19.)  Plaintiff declined to file a Reply.  For the reasons stated below, the

1

Commissioner's decision denying benefits is AFFIRMED.

## II.

## BACKGROUND

In April 2022, Plaintiff filed an application for widow's DIB, alleging a disability onset date of July 7, 2020.  Administrative Record ("AR") 274.

On April 16, 2024, Plaintiff, who was represented by counsel, testified at an in-person hearing before an Administrative Law Judge ("ALJ") with the assistance of a Spanish interpreter.  AR 38-63.  A vocational expert ("VE") also testified.  AR 58.

On May 9, 2024, the ALJ issued an unfavorable decision.  AR 17-37.  The ALJ found that Plaintiff potentially qualified for widow's DIB as of January 14, 2022, the date her wage-earner spouse died.  AR 23-25.  The ALJ determined that Plaintiff suffered from one severe medically determinable impairment ("MDI"): breast cancer.  AR 25.  The ALJ did not find that Plaintiff's other MDIs, including long COVID-19, temporomandibular joint ("TMJ") disorder, and depression, were severe, but she nevertheless considered any functional limitations caused by these MDIs when assessing Plaintiff's residual functional capacity ("RFC").  AR 26.  Ultimately, the ALJ found that Plaintiff had the RFC to perform light work with some additional limitations on postural activities and overhead reaching.  AR 27-28.

Based on these RFC findings, the VE's testimony, and other evidence, the ALJ determined that Plaintiff could work as a (1) marking clerk (Dictionary of Occupational Titles ("DOT") 209.587-034); (2) cleaner (DOT 323.687-014); and (3) solderer (DOT 813.684-022).  AR 31-32.  The ALJ concluded that Plaintiff was not disabled.  AR 32.

## III.

## ISSUES PRESENTED

This appeal raises the sole issue of whether the ALJ erred by failing to give clear and convincing reasons, supported by substantial evidence, for discounting

Plaintiff's symptom testimony.  (PB at 2, 7-14.)  Plaintiff asks the Court to apply the credit-as-true doctrine and remand for an award of benefits.  (PB at 14-15.)

## IV.

## DISCUSSION

**A. <u>Relevant Law.</u>**

The ALJ engages in a two-step analysis to evaluate a claimant's subjective symptom testimony.  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged."  <u>Id.</u> at 1036.  If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only by making specific findings that support the conclusion.  <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010); <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1137 (9th Cir. 2014).  Unless an ALJ finds that a claimant is malingering or has failed to provide objective medical evidence in support of his or her testimony, an ALJ must provide clear and convincing reasons for rejecting a claimant's subjective testimony about the severity of experienced symptoms.  <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 488-89 (9th Cir. 2015).  While an ALJ's findings must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is not "required to believe every allegation" of disability.  <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's reasons for rejecting a claimant's subjective symptom testimony must be supported by substantial evidence.  <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 674 (9th Cir. 2017) (citation omitted).  "Substantial" means "more than a mere scintilla"

but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.; Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**B. Relevant Administrative Proceedings.**

The ALJ summarized Plaintiff's April 2024 testimony. AR 28. Plaintiff testified "that she had stage II breast cancer and underwent a bilateral mastectomy" in March 2021. AR 28; see AR 47, 566-68. She also "underwent chemotherapy treatment ending in January 2021." AR 28; see AR 48-49. Plaintiff testified that she continued to have functional limitations in 2024 from her cancer treatment. Her chemotherapy affected her by causing pain in her feet, such that she could no longer "walk properly because of the pain." AR 28; see AR 48.

Plaintiff testified, "After the mastectomy surgery, she still experiences pain under her arms which causes difficulty to lift them." AR 28; see also AR 49 ("I cannot lift up my hands because it's very painful."). She also testified that "the cancer has caused her ongoing fatigue, even in remission." AR 28; see AR 50. As a result, she could only "be on her feet up to 5 to 10 minutes before having difficulty, pain in her feet, dizziness, and ankle pain." AR 28; see AR 53. She also testified that "lifting her arms is hard, [which affects activities] such as lifting things, doing laundry, cooking, and performing household chores." AR 28; see AR 55. It was "a challenge" to dress herself because she had difficulty stretching her arms to put on a shirt. AR 28; see AR 56 (testifying that she "cannot lift up [her] hands"). She could not wash her own hair. AR 28; see AR 56.

The ALJ found that Plaintiff's MDIs "could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …." AR 29. As reasons, the ALJ found

that (1) the extent of Plaintiff's claimed limitations was not supported by the objective medical evidence, and (2) Plaintiff engaged in inconsistent symptom reporting.  AR 29-30.

### C. **Analysis of Claimed Error.**

Plaintiff argues, "Beyond a discussion of the objective medical evidence, it does not appear that the ALJ actually offered any rationale to reject [Plaintiff's] testimony …." (PB at 10.)  But the ALJ's decision sufficiently identifies the two above-stated reasons.  ALJs need not label their reasons in any particular way or include them in any particular section of the decision.  See Danny Lee F. v. Saul, No. 2:19-cv-09099-KES, 2020 WL 4368097, at *10 n.9, 2020 U.S. Dist. LEXIS 135544, at *29 n.9 (C.D. Cal. July 30, 2020) ("ALJs, however, need not organize their decisions in any particular way so long as the reviewing Court can understand their reasoning."); Glenn v. Comm'r of Soc. Sec. Admin., No. 2:16-cv-04268-PHX-DGC, 2017 WL 4349394, at *3, 2017 U.S. Dist. LEXIS 161949, at *7 (D. Ariz. Oct. 2, 2017) ("Although the ALJ's opinion could have been organized more clearly to highlight its specific reasons, they are identified in the decision ….").

Plaintiff next cites law for the premise that lack of support from objective medical evidence cannot be the only reason for rejecting subjective symptom testimony.  (PB at 10.)  While this is true, a lack of objective support is different from inconsistent symptom reporting.  For example, if a claimant has back pain, an ALJ might cite imaging studies showing only mild degenerative changes to support finding a lack of objective support.  The same ALJ, however, might cite appointments at which the claimant denied back pain to support a finding of inconsistent symptom reporting.  Inconsistent symptom reporting occurs when claimants tell the Social Security Administration that their functional limitations are more serious than those they describe to their treating doctors.  Inconsistent symptom reporting can be a clear and convincing reason to discount a claimant's testimony.  See Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *7, 2016 SSR LEXIS 4, at

*16 (explaining that the claimant's symptom information provided to treating sources "may be compared with [their] other statements in the case record"); Medina v. Saul, 840 F. App'x 71, 73 (9th Cir. 2020) (inconsistent symptom reporting as a clear and convincing reason for discounting claimant's testimony); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ properly considering claimant's "prior inconsistent statements concerning the symptoms" in evaluating their testimony).

Here, the ALJ cited numerous medical records in which Plaintiff did not report to her treating doctors any fatigue, pain limiting her ability to walk, pain limiting her ability to raise her arms, or other disabling symptoms, as follows:

> By August 2021, [Plaintiff] reported that she was feeling well with minor complaints.  She indicated her appetite and sleep were normal and she was exercising 2 days per week.  The doctor noted a normal physical examination as well as a normal mental status examination (Exhibit 10F, pp. 17-19 [AR 1252-54]).  In the following month, the evidence does include treatment notes where [Plaintiff] complained of left axillary [arm pit] discomfort.  Nevertheless, the physical examination was normal (Exhibit 3F, pp. 212-217 [AR 704-09]).  In January and February 2022, the record shows [Plaintiff] reported that the left chest wall tenderness was improving, and physical examination findings were unremarkable (Exhibit 3F, pp. 322-324 [AR 814-16]; 4F, pp. 37-38 [AR 872-73]).  [Plaintiff] stated she was doing very well overall with good appetite, good energy level, and staying busy with activities throughout the day with no problems.  [Plaintiff] also denied any pain, discomfort, burning sensation, or any other problems in her treated breast (Exhibit 4F, pp. 39-41 [AR 874-76]).

AR 29.  "Other records through 2022 and 2023 show [Plaintiff] sought treatment for other symptoms not entirely related to [her] treatment for breast cancer, including

bilateral heel tenderness, ankle pain and right ear pain (Exhibit 8F, pp. 30-31; 16F, pp. 55-56)." AR 29; see AR 1153-54, 1419-20. The ALJ concluded that Plaintiff's cancer treatment was successful "and by February 2022, [she] complained of only residual left chest tenderness …." AR 30.

The ALJ provided another specific example of inconsistent symptom reporting: "[Plaintiff's] statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the record as a whole. For example, [she] testified that the cancer has caused her ongoing fatigue and she needs to take a break after washing dishes for 15 to 30 minutes at a time. However, recent treatment records from 2023 and 2024 note [that Plaintiff] was doing well overall and she was busy during the day performing activities without problems (Exhibit 4F, pp. 37-38)." AR 30; see AR 872-73. In the cited records, on February 15, 2022, when questioned by Carolyn Barnes, M.D., about her progress after radiation treatment, Plaintiff "denie[d] chest pain, weight loss or cough. She has left axilla [armpit] tightness intermittently but no other complaints." AR 872. She rated her pain at zero and her fatigue at zero. AR 872. She did not complain about difficulty raising her arms to do basic tasks like washing her hair or getting dressed. Instead, she had a normal range of motion. AR 873.

In August 2022, another doctor recorded Plaintiff's subjective reports of her symptoms, as follows:

> Patient states that she is doing very well overall. She has good appetite and good energy level and is busy with her day-to-day activities without any problems. Patient denies any pain, discomfort, burning sensation, itching or any other problems in the treated breast. … Patient states that she does not have any difficulty, pain or discomfort with use of ipsilateral arm and has full range of motion. Patient also denies any bony or muscular discomfort in any other part of the body as well. Overall patient is doing well with no complaints

7

or problems at this time.

AR 874 (cited by ALJ at AR 30).

Thus, the ALJ identified a clear and well-supported inconsistency between Plaintiff's 2024 testimony that her cancer treatment still caused so much residual fatigue that she could not wash dishes for more than 15 or 30 minutes without taking a break (AR 56-57) and her statements to treating doctors in 2022 that she had good energy levels and could do her daily activities without any problems (AR 874).  While Plaintiff testified that her 2021 chemotherapy caused residual pain that prevented her from being on her feet more than five or ten minutes in 2024 (AR 48, 53), the ALJ cited these 2022 records wherein Plaintiff denied pain and denied difficulty with normal daily activities, such as walking.  AR 30; see AR 872, 874.  While Plaintiff testified that she had so much difficulty lifting her arms that she could not wash her own hair (AR 56), again the ALJ cited these 2022 records wherein Plaintiff reported a full range of motion, no difficulty with daily activities, and only intermittent armpit tightness (AR 874).

In sum, the ALJ's finding of inconsistent symptom reporting is supported by substantial evidence, and it provides a clear and convincing reason for discounting Plaintiff's subjective symptom testimony.

## V.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED:  January 22, 2026

_Karen E. Scott_

KAREN E. SCOTT
United States Magistrate Judge

8